Dod *v.* Paul.

---

STEPHEN B. DOD

*v.*

MIFFLIN PAUL.

A tract of land was bought by three persons, each having an equal interest therein, and the title was taken in the defendant's name, in trust, merely for convenience. Afterward the tract was laid out into building lots, which were mapped, and it was mutually agreed that defendant should convey four designated lots to complainant, four designated lots to S., who was the third owner, and four designated lots to Mrs. S., a grantee of S. A mistake was made in each one of the conveyances thereof, and afterwards the rest of the tract was partitioned among complainant, defendant and S., but in such partition the lots omitted from the first allotment were not conveyed to the rightful grantees respectively, because it was supposed that they already had the title thereto. On a bill filed by the original parties to the allotment, their devisees and the grantees of the lots therein, against the defendant, to reform their respective deeds—*Held,* that there was such a common interest in the subject-matter of the suit as authorized the complainants to proceed together, and that consequently a demurrer for misjoinder of parties must be overruled.

---

Bill to reform deeds. On general demurrer.

*Mr. J. S. Applegate,* for demurrant.

*Mr. J. C. Besson,* for complainant.

THE CHANCELLOR.

The bill states that in 1869 Samuel B. Dod, William W. Shippen (now deceased) and Mifflin Paul agreed to purchase a tract of land at Seabright; that Paul negotiated the purchase and took the title in trust for himself and his associates; that they and he were equally interested therein, each owning a third; that after the conveyance to Paul, the property was laid out in lots upon a map, which was filed; that to enable the owners to make improvements upon their respective shares, it was agreed that Paul should convey four lots each to Dod, Shippen and Mrs. Martha B. Stevens respectively; that Dod selected lots numbered 26, 27, 28 and 29; Shippen, lots numbered 34, 35, 36, and 37, and Mrs. Stevens lots numbered 30, 31, 32 and 33; and that, by mistake, instead of those lots so selected by them, Paul conveyed to Dod lots 27, 28, 29 and 30; to Shippen, lots 35, 36, 37 and 38; and to Mrs. Stevens, lots 31, 32, 33 and 34; that the deeds were dated October, 1869; that afterwards the rest of the land (with an unimportant exception) was partitioned, by agreement, between Dod, Shippen and Paul in equal shares, and that it was agreed that Dod should have (with other lots) lots 21 to 29, both inclusive, and that Shippen should have (with other lots) 34 to 41, both inclusive. The bill further states that in the conveyance to Dod, in such partition, lots 26, 27, 28 and 29 were not included, because it was supposed that they had previously been conveyed to him, and that for the like reason lots 34, 35, 36 and 37 were not included in the deed to Shippen. After those conveyances had been made, the declaration of trust which had been given by Paul to Dod and Shippen, on the conveyance of the land to him in trust for him and them, was destroyed.

The bill, which is filed by Mr. Dod, Mrs. Stevens, Mrs. Lewis (to whom Mr. Shippen conveyed lot No. 34, by deed with the usual covenants of warranty and seizin), the executors of Mr.

Shippen and his widow, devisee of three of the four lots conveyed to Shippen as before mentioned, by the deed of October, 1869, is filed to reform the deeds of October, 1869, by correcting the above-mentioned mistakes therein. The defendant insists that there is a misjoinder of complainants, that the causes of suit for the rectification of the conveyances are several, and that the complainants should be required to sue accordingly and cannot join in their complaint.

It is evident from the foregoing statement that the consequence of establishing the claim to rectification will be not only to include lot 26 in Dod's deed, but to exclude therefrom lot 30, which is to go to Mrs. Stevens, and lot 34 is to be excluded from her deed, and go to Mrs. Lewis as grantee of Mr. Shippen.

It will be seen, then, that each of the parties is interested in the correction of the error in Dod's deed, and the question whether the other conveyances are to be rectified or not depends upon the establishment of the fact of the mistake in all the deeds. Dod indeed says that he is not entitled to lot 30, but at the same time he says that he is entitled, instead thereof, to lot 26. Mrs. Stevens claims that she is entitled to lot 30, which was not included in her deed, and that she is not entitled to lot 34, which was conveyed to her; and those claiming under Shippen allege that he was entitled to lot 34, which he conveyed to Mrs. Lewis, but which was conveyed by Paul to Mrs. Stevens. The conveyances which the complainants seek to reform were all parts of the same transaction, which was the conveyance by Paul to his *cestuis que trustent* (Mrs. Stevens's lots appear to have been part of the share of Mr. Shippen) of land held by him in trust for them, and the mistake was one which affected the conveyance to each of the grantees.

All the complainants have an interest in the suit, and it would seem that the defendant can have no defence peculiar to any of the conveyances to his grantees and not equally applicable to the others.

There is enough of common interest in the complainants in the subject of the suit, and of liability of the defendant to all of them in respect thereto, to warrant the joinder. The objection

Lord v. Carbon Iron Manufacturing Co.

of misjoinder is not well taken. The case of *Hendrickson* v. *Wallace, 4 Stew. Eq. 604,* cited by the demurrant's counsel, is not in contrariety to this conclusion. In that case the suit was brought for the reformation of deeds given by the same grantor to different persons at different times for different pieces of land. The transactions were entirely distinct and the interests of the complainants were in nowise connected with each other, and the granting of relief to one would not in anywise affect the other.

The demurrer will be overruled.